UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KING MWASI, | Case No. 1:22-cv-00488-EPG (PC) |
| Plaintiff, | ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED |
| v. | |
| T. BLANCHARD, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

King Mwasi ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this in this civil rights action. Plaintiff filed the complaint commencing this action on May 6, 2020. (ECF No. 1). On September 24, 2021, District Judge Edward J. Davila of the Northern District of California issued a screening order dismissing Plaintiff's complaint with leave to amend. On December 23, 2021, Plaintiff filed his First Amended Complaint. (ECF No. 21). On April 25, 2022, the case was transferred to the Eastern District of California. (ECF Nos. 22 & 23).

The Court has reviewed the First Amended Complaint, and will order Plaintiff to show cause as to: 1) why this action should not be dismissed as barred by the doctrine of *res judicata* because Plaintiff's First Amended Complaint is identical to his Third Amended Complaint in Mwasi v. Corcoran State Prison, E.D. CA, Case No. 1:13-cv-00695, which has been dismissed; 2) why his federal claims should not be dismissed as barred by the statute of limitations; and 3)

1

why this case should not be dismissed as malicious.

## I. RES JUDICATA

### a. Legal Standards

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'  Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.  Issue preclusion, in contrast, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.  By preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate, these two doctrines protect against the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (alterations in original) (footnote omitted) (citations and internal quotation marks omitted).

"The elements necessary to establish [claim preclusion] are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1052 (9th Cir. 2005) (quoting Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.2d 1064, 1077 (9th Cir. 2003)).  "[T]he doctrine of *res judicata* (or claim preclusion) 'bar(s) all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties ... on the same cause of action.'"  Costantini v. Trans World Airlines, 681 F.2d 1199, 1201 (9th Cir. 1982) (quoting Ross v. IBEW, 634 F.2d 453, 457 (9th Cir. 1980).

"[C]ollateral estoppel [(issue preclusion)] applies to preclude an issue adjudicated in an earlier proceeding if: (1) the issue was necessarily decided at the previous proceeding and is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding." Granite Rock Co. v. Int'l Bhd. of

Teamsters, Freight, Constr., Gen. Drivers, Warehousemen & Helpers, Local 287 (AFL-CIO), 649 F.3d 1067, 1070 (9th Cir. 2011) (citing Reyn's Pasta Bella, LLC v. Visa USA, Inc. 442 F.3d 741, 746 (9th Cir. 2006).

       b. Analysis

On April 24, 2013, Plaintiff filed Mwasi v. Corcoran State Prison, E.D. CA, Case No. 1:13-cv-00695 ("Corcoran State Prison"). Plaintiff's Third Amended Complaint (id., ECF No. 59), which he filed on December 28, 2015, is identical to the First Amended Complaint that he filed in this case. (Compare Corcoran State Prison, ECF No. 59 with ECF No. 21). The Corcoran State Prison Court screened Plaintiff's Third Amended Complaint, and allowed only the following claims to proceed: "a. against defendants Dr. Mahoney, Dr. Blanchard, Urbano LCSW, and Prince LCSW for deliberate indifference of plaintiff's serious medical needs in violation of the Eighth Amendment; b. against defendants Dr. Blanchard and Prince LCSW for retaliation in violation of the First Amendment; c. against defendant guards Cordova, Torres, and J. Gomez for excessive use of force and regarding the conditions of his confinement in violation of the Eighth Amendment, and against Sgt. Holland for his knowledge and acquiescence in defendant guard Torres' use of excessive force." (Corcoran State Prison, ECF No. 60 & ECF No. 63, p. 2). All other claims and defendants were dismissed. (Id.). Most were dismissed with prejudice, but some were dismissed without prejudice because to allow them to proceed in the case would violate Federal Rule of Civil Procedure 18. (Id.).

The claim(s) against Dr. Mahoney were later dismissed, with prejudice, for failure to prosecute and comply with a court order. (Id., ECF Nos. 69 & 81). The remainder of Plaintiff's claims were later dismissed, without prejudice, for failure to exhaust. (Id., ECF Nos. 87 & 97).

In this case, Plaintiff brought identical claims against identical defendants. Additionally, Plaintiff already had an opportunity to litigate the relevant claims and issues. While certain claims were dismissed without prejudice, Plaintiff had an opportunity to litigate whether his claims were exhausted, as well as whether the claims dismissed without prejudice pursuant to Rule 18 were sufficiently related to his other claims so that they could proceed in

the same action.[1]  Finally, there are no allegations in Plaintiff's First Amended Complaint suggesting that he cured any defects identified by the Court in his previous case.  Accordingly, it appears that this action is barred by the doctrine of *res judicata*, and the Court will direct Plaintiff to show cause as to why this action should not be dismissed as barred by the doctrine of *res judicata*.[2]

## II.   STATUTE OF LIMITATIONS

It also appears from the face of the complaint that Plaintiff's claims are barred as untimely under the statute of limitations.

### A.  Legal Standards

California's two-year statute of limitations for personal injury actions applies to § 1983 claims.  Butler v. Nat'l Cmty. Renaissance of California, 766 F.3d 1191, 1198 (9th Cir. 2014); Cal. Civ. Proc. Code § 335.1.

The statute of limitations can be tolled for various reasons.  Whether Plaintiff is entitled to equitable tolling is also determined by California law, except to the extent that California laws are inconsistent with federal law.  Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).

Equitable tolling "operates independently of the literal wording of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness."  Jones, 393 F.3d at 928 (quoting Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003)) (internal quotation marks omitted).  Under California law, there is a "three-pronged test for invocation" of the equitable tolling doctrine: "(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and, (3) good faith and reasonable conduct by the plaintiff in filing the second claim."  Collier v. City of Pasadena, 142 Cal. App. 3d 917, 924 (1983) (footnote omitted); Addison v. State of California, 21 Cal. 3d 313, 319 (1978); Daviton v.

---

[1] In his response to the order to show cause, Plaintiff may address the *res judicata* effect of Rule 18 dismissals.

[2] In this case, Plaintiff does allege, in a conclusory fashion, that "Administrative Remedies Exhauseteted [sic]."  (ECF No. 21, p. 3).  However, this is a conclusory allegation, and there are no facts alleged suggesting that he cured the exhaustion issues.  Moreover, Plaintiff made the exact same allegation in his Third Amended Complaint in his prior case.

1  Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1133 (9th Cir. 2001) (*en banc*).
2  "Application of California's equitable tolling doctrine 'requires a balancing of the injustice to
3  the plaintiff occasioned by the bar of his claim against the effect upon the important public
4  interest or policy expressed by the … limitations statute.'"  Jones, 393 F.3d at 928 (quoting
5  Lantzy, 31 Cal. 4th at 371)).

6      "Where exhaustion of an administrative remedy is mandatory prior to filing suit,
7  equitable tolling is automatic: 'It has long been settled in this and other jurisdictions that
8  whenever the exhaustion of administrative remedies is a prerequisite to the initiation of a civil
9  action, the running of the limitations period is tolled during the time consumed by the
10  administrative proceeding.'"  McDonald v. Antelope Valley Cmty. Coll. Dist., 45 Cal. 4th 88,
11  101 (2008) (quoting Elkins v. Derby*, 12 Cal. 3d 410, 414 (1974)).*  See also Brown v. Valoff,
12  422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while
13  a prisoner completes the mandatory exhaustion process.").

14      Additionally, California Code of Civil Procedure § 352.1(a) provides: "If a person
15  entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the
16  time the cause of action accrued, imprisoned on a criminal charge, or in execution under the
17  sentence of a criminal court for a term less than for life, the time of that disability is not a part
18  of the time limited for the commencement of the action, not to exceed two years."

19      "Although courts look to state law for the length of the limitations period, the time at
20  which a § 1983 claim accrues is a question of federal law, conforming in general to common-
21  law tort principles.  That time is presumptively when the plaintiff has a complete and present
22  cause of action…."  McDonough v. Smith, 139 S. Ct. 2149, 2155 (2019) (citations and internal
23  quotation marks omitted).

24      As to Plaintiff's claims pursuant to the Americans with Disabilities Act ("ADA"), the
25  three-year limitations period of California Code of Civil Procedure § 338(a) applies.  Sharkey
26  v. O'Neal, 778 F.3d 767, 773 (9th Cir. 2015).  It is not clear whether § 335.1 or § 338(a) to
27  Rehabilitation Act claims.  See, e.g., Est. of Jackson v. City of Modesto, 2021 WL 4819604, at
28  *7 (E.D. Cal. Oct. 14, 2021) ("The Ninth Circuit has applied both § 335.1 and § 338(a) to RA

claims based on the arguments of the parties before them, but without definitively deciding which statute applies."). However, as discussed below, it appears that Plaintiff's Rehabilitation Act claims are barred even under a three-year statute of limitations. Accordingly, the Court need not decide the issue at this time.

      b.  <u>Analysis</u>

Plaintiff sues over thirty defendants, and he complains about incidents that occurred over a period of years. The first incident Plaintiff complains about occurred on June 7, 2011. The most recent incident appears to have occurred sometime in December of 2015, when Plaintiff saw Dr. Ulit for medical care.[3] Even assuming the date of Plaintiff's original complaint controls instead of the date of Plaintiff's First Amended Complaint,[4] Plaintiff filed this action on April 28, 2020. (ECF No. 1, p. 3). Thus, Plaintiff filed this action approximately four years and four months after the most recent incident alleged in the First Amended Complaint.

Even assuming Plaintiff is entitled to tolling because he is imprisoned for a term of less than life, Plaintiff had four years from the date each claim accrued to bring his section 1983 claims, absent any additional tolling. Thus, based on the face of Plaintiff's First Amended Complaint, it appears that Plaintiff's section 1983 claims are time-barred.

As to Plaintiff's ADA claims and Rehabilitation Act Claims, even assuming Plaintiff is entitled to tolling because he is imprisoned for a term of less than life, Plaintiff had five years, absent any additional tolling, to bring these claims. However, the last incident alleged as to his

---

[3] Plaintiff does allege that that he was denied mental health treatment from 2012 "to present." (ECF No. 21, p. 12). However, Plaintiff does not include any factual allegations as to anything that occurred after December of 2015. Moreover, in this context, it is not clear what Plaintiff means by "to present." Ordinarily the Court would construe this to mean the date Plaintiff signed the complaint in question. However, Plaintiff signed his First Amended Complaint on December 15, 2021 (<u>id.</u> at 24), but has been housed at San Quentin State Prison since at least May 6, 2020, which is the date he filed his original complaint (ECF No. 1, p. 1). As the defendants he complains about worked at Corcoran State Prison, and as Plaintiff has not been housed at Corcoran State Prison for years, it is not clear what Plaintiff means when he uses the words "to present."

[4] Plaintiff's original complaint only listed three defendants at Corcoran State Prison, and included no factual allegations. Thus, it is not clear that his claims would relate back to the date of his original complaint. See Fed. R. Civ. P. 15(c).

ADA and Rehabilitation Act claims occurred in July of 2014.[5] (ECF No. 21, p. 18).  Thus, Plaintiff brought his ADA and Rehabilitation Act claims almost six years after the last event alleged.  Therefore, based on the face of Plaintiff's First Amended Complaint, it appears that his ADA and Rehabilitation Act Claims are time-barred.

Accordingly, the Court will order Plaintiff to show cause as to why his federal claims should not be dismissed as barred by the statute of limitations.

### III.  MALICIOUS

"Under § 1915(e), a claim is 'malicious' when it is 'filed with the intention or desire to harm another.' *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (citing *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005)).  Courts have dismissed a complaint as malicious when the litigation was 'plainly abusive of the judicial process' or 'merely repeats pending or former litigation.'  *See, e.g.*, *Hartsoe v. Doyle*, No. CV 14-63, 2015 WL 2095657, at *6 (D. Mont. May 5, 2015) (quoting *Abdul–Akbar v. Department of Corrections*, 910 F.Supp. 986, 999 (D. Del. 1995)); *Lockhart v. Oakland Police Dep't*, No. C 10-5483, 2010 WL 5387500, at *1 (N.D. Cal. Dec. 22, 2010) ('Duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. 1915 as malicious.' (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988))); *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997) (same)."  Heredia v. W. Valley Staffing Grp., 2018 WL 1631325, at *2 (N.D. Cal. Apr. 4, 2018).

Here, Plaintiff filed a complaint that is identical to a complaint that he previously filed, without mentioning the previously filed case.  Plaintiff had an opportunity, and did, litigate the previous action.  Additionally, Plaintiff does not allege that he is bringing only the claims that were dismissed without prejudice.  Accordingly, the Court will order Plaintiff to show cause as to why this action should not be dismissed as malicious.

---

[5] Plaintiff does allege that certain defendants failed to correctly process his 602s from November 2013 "to present."  (ECF No. 21, p. 19).  Plaintiff also alleges that some of these 602s involved ADA issues.  (Id.).  However, as to his ADA claim, Plaintiff does not include any factual allegations as to anything that occurred after July of 2014.  (Id. at 18).  Moreover, as discussed above, it is not clear what Plaintiff means by "to present."

## IV. ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause as to: 1) why this action should not be dismissed as barred by the doctrine of *res judicata* because Plaintiff's First Amended Complaint is identical to his Third Amended Complaint in Mwasi v. Corcoran State Prison, E.D. Cal. 1:13-cv-00695, which has been dismissed; 2) why his federal claims should not be dismissed as barred by the statute of limitations; and 3) why this case should not be dismissed as malicious; and

2. If Plaintiff fails to file a response to this order, the Court will issue findings and recommendations to a district judge, recommending dismissal of this action.

IT IS SO ORDERED.

Dated: **May 4, 2022**          /s/ Erica P. Grosjean
                                UNITED STATES MAGISTRATE JUDGE