UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KING MWASI,<br><br>            Plaintiff,<br><br>     v.<br><br>T. BLANCHARD, et al.,<br><br>            Defendants. | Case No. 1:22-cv-00488-ADA-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED<br><br>(ECF No. 21)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

    King Mwasi ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this in this civil rights action. Plaintiff's First Amended Complaint in this case is identical to a complaint he filed in another case on December 28, 2015, which was dismissed. Plaintiff sues numerous defendants for actions that occurred over a period of over four years. Among other things, Plaintiff alleges that he was denied medical care; that correctional officers repeatedly failed to wake Plaintiff up for breakfast/lunch and/or refused to provide Plaintiff with food; that correctional officers assaulted Plaintiff; that a correctional officer issued a false RVR; and that the 602 coordinators routinely failed to process Plaintiff's 602s.

    Plaintiff filed the complaint commencing this action on May 6, 2020. (ECF No. 1). On September 24, 2021, District Judge Edward J. Davila of the Northern District of California issued a screening order dismissing Plaintiff's complaint with leave to amend. (ECF No. 17).

1

On December 23, 2021, Plaintiff filed his First Amended Complaint. (ECF No. 21). On April 25, 2022, the case was transferred to the Eastern District of California. (ECF Nos. 22 & 23).

The Court reviewed the First Amended Complaint, and ordered Plaintiff to "show cause as to: 1) why this action should not be dismissed as barred by the doctrine of *res judicata* because Plaintiff's First Amended Complaint is identical to his Third Amended Complaint in Mwasi v. Corcoran State Prison [("Mwasi I")], E.D. CA, Case No. 1:13-cv-00695, which has been dismissed; 2) why his federal claims should not be dismissed as barred by the statute of limitations; and 3) why this case should not be dismissed as malicious." (ECF No. 25).

On May 23, 2022, Plaintiff filed a motion for a sixty-day extension of time to file his response (ECF No. 26), which the Court granted (ECF No. 29). Plaintiff filed his response to the order to show cause on August 11, 2022. (ECF No. 30).

After reviewing Plaintiff's response, the Court finds that Plaintiff's state law claims and his Americans with Disabilities Act claims, as well as his claims against defendants Nareddy, Yu, Nguyen, Jumao-as, Zuckerman, and Dr. Ulit, are barred by the doctrine of *res judicata*. The Court also finds that all of Plaintiff's federal claims are barred by the statute of limitations. Accordingly, the Court will recommend that this action be dismissed.[1]

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 16), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

---

[1] As the Court finds that Plaintiff's claims are barred by *res judicata* and/or the statute of limitations, the Court will not address whether this case should be dismissed as malicious.

determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678. Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II.  SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff's First Amended Complaint in this case is identical to the Third Amended Complaint ("TAC") in Mwasi I, which was filed on December 28, 2015. The Mwasi I Court summarized the TAC as follows:

> Plaintiff's TAC is prolix, verbose, disjointed, and convoluted, though not quite as difficult to understand as his prior pleadings. Plaintiff is currently confined at the California State Prison in Corcoran, California ("CSP-Cor"), where the events occurred. Plaintiff's writing style is difficult to interpret and is peppered with words that have had lines drawn through them -- presumably as a result of Plaintiff's editing efforts. Plaintiff names the following 32 prison personnel as Defendants in this action: Doctors T. Blanchard, Mahoney, Teresa Macias, Conall McCabe, Nareddy, Huu Nguyen, Yu, Wayne Ulit, Asela P. Jumao-as, and Zuckerman; Licensed Clinical Social Workers ("LCSW") Urbano and D. Prince; Registered Nurses ("RN") Dava and Laura Vasquez; Licensed Vocational Nurses ("LVN") Reynoso and E. Teran; Medical Appeals Coordinator J. Tercerro; Appeals Chiefs J. Walker and Lori Zamora; "SSA"3 S. Russell and Karen Cribbs; Correctional Counselors II ("CCII")/Appeals

> Coordinators D. Goree and A. Pacillas; Correctional Guards ("C/O") E. Banuelos, S. Cordova, J. Gomez, Scalia, and E. Torres; Sergeants N. Holland and Espinosa; California Correctional Health Care Services; Corcoran State Prison; and Federal Receiver J. Clark Kelso as well as Does 1-20.
>
> Generally, Plaintiff complains of events, which occurred from June of 2011 to the date that he filed the TAC[, December 28, 2015], which he alleges show both that he was not provided adequate care and/or treatment for multiple medical conditions and that correctional staff subjected him to unconstitutional conditions of confinement and excessive force.

Mwasi I, ECF No. 60, pgs. 2-3 (footnote omitted).

Among other things, Plaintiff alleges that he was denied medical care for his chronic pain, difficulty breathing, asthma, sinuses, and allergies; that he was denied care for depression; that correctional officers repeatedly failed to wake Plaintiff up for breakfast/lunch and/or refused to provide Plaintiff with food; that correctional officers assaulted Plaintiff by shoving him against a metal table and a metal wall on March 19, 2014; that a correctional officer hit Plaintiff in the head on May 21, 2014; that correctional officers routinely refused to honor his medical/Americans with Disabilities Act chrono; that a correctional officer issued a false RVR; and that the 602 coordinators routinely failed to process Plaintiff's 602s.

### III. PLAINTIFF'S PRIOR CASE

On April 24, 2013, Plaintiff filed Mwasi I. Plaintiff's original complaint, First Amended Complaint, and Second Amended Complaint were all screened. Id., ECF Nos. 17, 26, & 32.

On December 28, 2015, Plaintiff filed his Third Amended Complaint (id., ECF No. 59), which is identical to the First Amended Complaint that Plaintiff filed in this case. (Compare ECF No. 21 with Mwasi I, ECF No. 59). The Mwasi I Court screened Plaintiff's Third Amended Complaint, and allowed only the following claims to proceed: "a. against defendants Dr. Mahoney, Dr. Blanchard, Urbano LCSW, and Prince LCSW for deliberate indifference of plaintiff's serious medical needs in violation of the Eighth Amendment; b. against defendants Dr. Blanchard and Prince LCSW for retaliation in violation of the First Amendment; c. against defendant guards Cordova, Torres, and J. Gomez for excessive use of force and regarding the conditions of his confinement in violation of the Eighth Amendment, and against Sgt. Holland

for his knowledge and acquiescence in defendant guard Torres' use of excessive force." Mwasi I, ECF No. 60 & ECF No. 63, p. 2. All other claims and defendants were dismissed. Id. Most were dismissed with prejudice, but some were dismissed without prejudice because to allow them to proceed in the case would violate Federal Rule of Civil Procedure 18. Id.

The claim(s) against Dr. Mahoney were later dismissed, with prejudice, for failure to prosecute and comply with a court order. Id., ECF Nos. 69 & 81. On March 29, 2018, the remainder of Plaintiff's claims were dismissed, without prejudice, for failure to exhaust. Id., ECF Nos. 87 & 97. Plaintiff did not appeal or ask the Mwasi I Court to reconsider its ruling.

### IV.     ORDER TO SHOW CAUSE AND RESPONSE

#### a.     The Court's Order to Show Cause

On May 5, 2022, the Court issued an order to show cause. (ECF No. 25). Regarding *res judicata*, the Court found that this case includes the same claims and the same defendants as Mwasi I. (Id. at 3). "Additionally, Plaintiff already had an opportunity to litigate the relevant claims and issues. While certain claims were dismissed without prejudice, Plaintiff had an opportunity to litigate whether his claims were exhausted, as well as whether the claims dismissed without prejudice pursuant to Rule 18 were sufficiently related to his other claims so that they could proceed in the same action. Finally, there are no allegations in Plaintiff's First Amended Complaint suggesting that he cured any defects identified by the Court in his previous case." (Id. at 3-4) (footnote omitted). The Court thus ordered Plaintiff "to show cause as to why this action should not be dismissed as barred by the doctrine of *res judicata*." (Id. at 4) (footnote omitted).

Regarding the statute of limitations, the Court found that, "[e]ven assuming Plaintiff is entitled to tolling because he is imprisoned for a term of less than life, Plaintiff had four years from the date each claim accrued to bring his section 1983 claims, absent any additional tolling. Thus, based on the face of Plaintiff's First Amended Complaint, it appears that Plaintiff's section 1983 claims are time-barred." (ECF No. 25, p. 6). The Court also found that, "[a]s to Plaintiff's ADA claims and Rehabilitation Act Claims, even assuming Plaintiff is entitled to tolling because he is imprisoned for a term of less than life, Plaintiff had five years, absent any

additional tolling, to bring these claims. However, the last incident alleged as to his ADA and Rehabilitation Act claims occurred in July of 2014. Thus, Plaintiff brought his ADA and Rehabilitation Act claims almost six years after the last event alleged. Therefore, based on the face of Plaintiff's First Amended Complaint, it appears that his ADA and Rehabilitation Act Claims are time-barred." (Id. at 6-7) (footnote and citation omitted). The Court thus ordered "Plaintiff to show cause as to why his federal claims should not be dismissed as barred by the statute of limitations." (Id.).

          b.   <u>Plaintiff's Response</u>

On August 11, 2022, Plaintiff filed his response. (ECF No. 30). As to the application of *res judicata*, Plaintiff argues that "[t]he original case should not have been dismissed. The Judge, Jennifer Thurston[,] made errors…." (ECF No. 30, p. 1). Plaintiff's argument largely focuses on the claims that were dismissed for failure to exhaust. Plaintiff argues that most issues were exhausted, but he was unable to obtain evidence from his legal storage. (Id. at 2). He was unable to obtain the evidence because of frequent lockdowns, and his request for an extension of time was denied. (Id. at 3-4). Plaintiff further alleges that his lack of access to the evidence seemed to be a conspiracy. (Id. at 4). Plaintiff alleges that there was no final judgment on the merits as to all claims because this case was dismissed for failure to exhaust. Plaintiff also admits that "some claims were dismissed w/prejudice, and should not have been included in the instant filing," and that he "made errors trying to quickly piece together his complaint…. " (Id. at 5).

As to the application of the statute of limitations, Plaintiff alleges that "he neglected to insert updated dates, and clarify the claims which were within 4 years, and those which were continuous violations until May 2018." (ECF No. 30, p. 5). He also alleges that "[f]or those waiting for exhaustion, tolling is applicable. And Plaintiff must sort through all his files to include & clarify all relevant claims + dates." (Id.). He also alleges that, "[i]f the Court is aware by his pleadings that he cannot obtain the evidence to prove exhaustion, tolling should be warranted." (Id. at 6). Plaintiff asks for permission to file a Second Amended Complaint and

for time to do so, so that he can sufficiently organize all his claims and relevant dates. (Id. at 6 & 9).

### V. RES JUDICATA

#### a. Legal Standards

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.' Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. Issue preclusion, in contrast, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim. By preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate, these two doctrines protect against the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (alterations in original) (footnote omitted) (citations and internal quotation marks omitted).

"The elements necessary to establish [claim preclusion] are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1052 (9th Cir. 2005) (quoting Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.2d 1064, 1077 (9th Cir. 2003)). "[T]he doctrine of *res judicata* (or claim preclusion) 'bar(s) all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties ... on the same cause of action.'" Costantini v. Trans World Airlines, 681 F.2d 1199, 1201 (9th Cir. 1982) (quoting Ross v. IBEW, 634 F.2d 453, 457 (9th Cir. 1980).

"[C]ollateral estoppel [(issue preclusion)] applies to preclude an issue adjudicated in an earlier proceeding if: (1) the issue was necessarily decided at the previous proceeding and is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a

party or in privity with a party at the first proceeding." Granite Rock Co. v. Int'l Bhd. of Teamsters, Freight, Constr., Gen. Drivers, Warehousemen & Helpers, Local 287 (AFL-CIO), 649 F.3d 1067, 1070 (9th Cir. 2011) (citing Reyn's Pasta Bella, LLC v. Visa USA, Inc. 442 F.3d 741, 746 (9th Cir. 2006).

### b. Analysis

As discussed above, Plaintiff's First Amended complaint in this action is identical to the Third Amended Complaint he filed in Mwasi I on December 28, 2015. The First Amended Complaint in this case includes the same defendants, the same claims, and the same factual allegations as the Third Amended Complaint in Mwasi I.

Additionally, Plaintiff's Third Amended Complaint was screened, and numerous claims were dismissed with prejudice for failure to state a claim. For example, all of Plaintiff's state law claims were dismissed for failure to state a claim. Mwasi I, ECF Nos. 60 & 63. The Mwasi I Court found that "[f]ailure to allege compliance [with the California Tort Claims Act ("CTCA")] constitutes a failure to state a cause of action and will result in dismissal of state law claims," and that "[t]hough previously, repeatedly notified of this requirement, and *even being granted leave to file the TAC specifically on this issue*, Plaintiff has failed to state any allegations to show his compliance with the CTCA's presentation requirement. Thus, all of Plaintiff's claims under California law should be **DISMISSED** with prejudice." Mwasi I, ECF No. 60, p. 30; ECF No. 63, p. 2.

As another example, the Mwasi I Court found that Plaintiff's allegations against defendant Dr. Nareddy failed to state a claim, and defendant Dr. Nareddy was dismissed. "Despite prior screening orders repeatedly directing Plaintiff to be specific as to his allegations against a given defendant, his allegations do not meet the first prong of a claim under the Eighth Amendment for deliberate indifference to a serious medical need against Dr. Nareddy as they are not specific enough to objectively establish the existence of a specific serious medical need that Dr. Nareddy knew of and acted deliberately indifferent to. As stated in prior orders, alleging that one gave a laundry list of ailments to a physician; that prior physicians had prescribed and/or recommended referral to various specialists, testing, surgical intervention,

and medications; and then alleging that the physician in question did nothing about Plaintiff's plethora of ailments lacks specificity to state a facially plausible cognizable claim." <u>Mwasi I</u>, ECF No. 60, p. 13; ECF No. 63, p. 2.

As another example, the <u>Mwasi I</u> Court found that Plaintiff's allegations against defendant Dr. Yu failed to state a claim, and defendant Dr. Yu was dismissed.  The <u>Mwasi I</u> Court found that Plaintiff's allegations "are not sufficient[ly] linked to a specific medical condition to show that Dr. Yu knew Plaintiff required tests, medication, and specialist referral, but failed to order them out of deliberate indifference to his condition.  Plaintiff's allegations that Dr. Yu read the nerve study and order physical therapy, but did not prescribe pain medication or refer Plaintiff to a specialist, at most, show a difference of opinion between Plaintiff and Dr. Yu regarding diagnosis and treatment of one of Plaintiff's medical condition (which Plaintiff does not identify) which is not cognizable under the Eighth Amendment." <u>Mwasi I</u>, ECF No. 60, p. 14; ECF No. 63, p. 2.

As another example, the <u>Mwasi I</u> Court found that Plaintiff's allegations against defendant Dr. Nguyen failed to state a claim, and defendant Dr. Nguyen was dismissed. "All of Plaintiff's allegations against Dr. Nguyen lack specificity to establish the existence of a specific serious medical need that Dr. Nguyen was aware of and acted deliberately indifferent to.  Thus, Dr. Nguyen should be **DISMISSED** from this action." <u>Mwasi I</u>, ECF No. 60, p. 16; ECF No. 63, p. 2.

As another example, the <u>Mwasi I</u> Court found that Plaintiff's allegations against defendant Dr. Jumao-as failed to state a claim, and defendant Dr. Jumao-as was dismissed. Plaintiff's "allegations do not show that Dr. Jumao-as understood that Plaintiff was having problems understanding and communicating with her.  To the contrary, Plaintiff's allegations that Dr. Jumao-as misconstrued Plaintiff's inability to understand her as uncooperativeness shows that there was a misunderstanding, which went unresolved despite the RN's *attempts* to explain.  A misunderstanding/miscommunication does not equate to deliberate indifference.  Further, while the RN indicated to Plaintiff that an 'in-person' appointment was necessary, none of Plaintiff's allegations show that Dr. Jumao-as actually understood Plaintiff's

condition/limitations and concurred that a face-to-face appointment was needed.  Further, while Plaintiff alleges that the nurse *attempted* to convey Plaintiff's condition to Dr. Jumao-as, Plaintiff fails to state any allegations to show that Dr. Jumao-as actually understood what the nurse was attempting to convey to have been deliberately indifferent to Plaintiff's condition.  Accordingly, Plaintiff fails to state a cognizable claim against Dr. Jumao-as and she should be **DISMISSED**." Mwasi I, ECF No. 60, p. 17; ECF No. 63, p. 2.

As another example, the Mwasi I Court found that Plaintiff's allegations against defendant Dr. Ulit failed to state a claim, and defendant Dr. Ulit was dismissed.  "Plaintiff's allegations, like those previously discussed regarding the other physicians, not specific enough to establish the existence of a specific serious medical need that Dr. Ulit knew of and acted deliberately indifferent to.  Thus, Dr. Ulit should be **DISMISSED**." Mwasi I, ECF No. 60, p. 18; ECF No. 63, p. 2 (citations omitted).

As another example, Mwasi I Court found that Plaintiff's allegations against defendant Dr. Zuckerman failed to state a claim, and defendant Dr. Zuckerman was dismissed.  Plaintiff's "conclusory allegations need not be accepted since they amount to nothing more that formulaic recitations of liability.  Thus, Plaintiff fails to state a cognizable claim against Dr. Zuckerman and he should be **DISMISSED**." Mwasi I, ECF No. 60, p. 19; ECF No. 63, p. 2 (citation omitted).

As a final example, all of Plaintiff's claims under the Americans with Disabilities Act ("ADA") were dismissed for failure to state a claim.  "Plaintiff fails to state a cognizable claim under the ADA and all such claims should be **DISMISSED**." Mwasi I, ECF No. 60, p. 29; ECF No. 63, p. 2.

The above-listed claims are identical to the claims Plaintiff brought in this case, and they were brought against the same defendants.  Additionally, as discussed above, Plaintiff received a final judgment on the merits as to these claims.  Finally, Plaintiff had a full and fair opportunity to litigate these claims.  Plaintiff's first three complaints were screened.  Mwasi I, ECF Nos. 17, 26, & 32.  Additionally, Plaintiff was given an opportunity to object to the screening findings and recommendations on his Third Amended Complaint.  Mwasi I, ECF No.

60, p. 33. Accordingly, the Court finds that Plaintiff's state law claims and his Americans with Disabilities Act claims, as well as his claims against defendants Nareddy, Yu, Nguyen, Jumao-as, Zuckerman, and Dr. Ulit, are barred by the doctrine of *res judicata*.[2]

As to Plaintiff's response to the order to show cause, the Court notes that it was largely dedicated to the exhaustion dismissals and Plaintiff does not address the numerous claims that were dismissed at screening.

### VI.   STATUTE OF LIMITATIONS

Based on the face of Plaintiff's complaint, Plaintiff's federal claims are barred as untimely under the statute of limitations.

#### a.   Legal Standards

California's two-year statute of limitations for personal injury actions applies to § 1983 claims. Butler v. Nat'l Cmty. Renaissance of California, 766 F.3d 1191, 1198 (9th Cir. 2014); Cal. Civ. Proc. Code § 335.1.

The statute of limitations can be tolled for various reasons. Whether Plaintiff is entitled to equitable tolling is also determined by California law, except to the extent that California laws are inconsistent with federal law. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).

Equitable tolling "operates independently of the literal wording of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." Jones, 393 F.3d at 928 (quoting Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003)) (internal quotation marks omitted). Under California law, there is a "three-pronged test for invocation" of the equitable tolling doctrine: "(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and, (3) good faith and reasonable conduct by the plaintiff in filing the second claim." Collier v. City of Pasadena, 142 Cal. App. 3d 917, 924 (1983) (footnote omitted); Addison v. State of California, 21 Cal. 3d 313, 319 (1978); Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1133 (9th Cir. 2001) (*en banc*).

---

[2] While additional federal claims may also be barred by *res judicata*, the Court will not address the issue because, as discussed below, all of Plaintiff's federal claims are barred by the statute of limitations.

"Application of California's equitable tolling doctrine 'requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the … limitations statute.'" Jones, 393 F.3d at 928 (quoting Lantzy, 31 Cal. 4th at 371)).

"Where exhaustion of an administrative remedy is mandatory prior to filing suit, equitable tolling is automatic: 'It has long been settled in this and other jurisdictions that whenever the exhaustion of administrative remedies is a prerequisite to the initiation of a civil action, the running of the limitations period is tolled during the time consumed by the administrative proceeding.'" McDonald v. Antelope Valley Cmty. Coll. Dist., 45 Cal. 4th 88, 101 (2008) (quoting Elkins v. Derby, 12 Cal. 3d 410, 414 (1974)). See also Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process.").

Additionally, California Code of Civil Procedure § 352.1(a) provides: "If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years."

"Although courts look to state law for the length of the limitations period, the time at which a § 1983 claim accrues is a question of federal law, conforming in general to common-law tort principles. That time is presumptively when the plaintiff has a complete and present cause of action…." McDonough v. Smith, 139 S. Ct. 2149, 2155 (2019) (citations and internal quotation marks omitted).

As to Plaintiff's claims pursuant to the Americans with Disabilities Act, the three-year limitations period of California Code of Civil Procedure § 338(a) applies. Sharkey v. O'Neal, 778 F.3d 767, 773 (9th Cir. 2015). It is not clear whether § 335.1 or § 338(a) applies to Rehabilitation Act claims. See, e.g., Est. of Jackson v. City of Modesto, 2021 WL 4819604, at *7 (E.D. Cal. Oct. 14, 2021) ("The Ninth Circuit has applied both § 335.1 and § 338(a) to RA claims based on the arguments of the parties before them, but without definitively deciding

which statute applies."). However, as discussed below, it appears that Plaintiff's Rehabilitation Act claims are barred even under a three-year statute of limitations. Accordingly, the Court need not decide the issue at this time.

        b. <u>Analysis</u>

Again, Plaintiff's complaint in this case is identical to the Third Amended Complaint he filed on December 28, 2015, in <u>Mwasi I</u>. Plaintiff sues over thirty defendants, and he complains about incidents that occurred over a period of years. The first incident Plaintiff complains about occurred on June 7, 2011. The most recent incident appears to have occurred sometime in December of 2015, when Plaintiff saw Dr. Ulit for medical care. Even assuming the date of Plaintiff's original complaint controls instead of the date of Plaintiff's First Amended Complaint,[3] and assuming that Plaintiff is entitled to the benefit of the mail-box rule for statute of limitations purposes, Plaintiff filed this action on April 28, 2020. (ECF No. 1, p. 3).[4] Thus, Plaintiff filed this action at least four years and four months after the most recent incident alleged in the First Amended Complaint.

Even assuming Plaintiff is entitled to tolling because he is imprisoned for a term of less than life, Plaintiff had four years from the date each claim accrued to bring his section 1983 claims, absent any additional tolling. Thus, based on the face of Plaintiff's First Amended Complaint, Plaintiff's section 1983 claims are time-barred. Moreover, the last incident, which occurred in December of 2015, involved defendant Ulit, and as discussed above, Plaintiff's claims against defendant Ulit are barred by *res judicata*. Thus, even if the statute of limitations does not apply to Plaintiff's claims against defendant Ulit, Plaintiff's claims against defendant Ulit are barred in any event.

As to Plaintiff's ADA claims and Rehabilitation Act Claims, even assuming Plaintiff is entitled to tolling because he is imprisoned for a term of less than life, Plaintiff had five years, absent any additional tolling, to bring these claims. However, the last incident alleged as to his

---

[3] Plaintiff's original complaint only listed three defendants at Corcoran State Prison, and it included no factual allegations. Thus, it is not clear that his claims would relate back to the date of his original complaint. See Fed. R. Civ. P. 15(c).

[4] The Court did not receive Plaintiff's complaint until May 6, 2020.

ADA and Rehabilitation Act claims occurred in July of 2014.  (ECF No. 21, p. 18).  Thus, Plaintiff brought his ADA and Rehabilitation Act claims almost six years after the last event alleged.  Therefore, based on the face of Plaintiff's First Amended Complaint, Plaintiff's ADA and Rehabilitation Act Claims are time-barred.  Moreover, as discussed above, Plaintiff's ADA claims are barred by *res judicata*.  Thus, even if the statute of limitations does not apply Plaintiff's ADA claims, Plaintiff's ADA claims are barred in any event.

In his response to the order to show cause, Plaintiff does not appear to dispute that, based on the face of his complaint, his federal claims are time-barred.  The Court notes that Plaintiff does not argue that he is entitled to equitable tolling under the three-pronged test above, nor does it appear to be applicable because Plaintiff fails to satisfy the third prong, reasonable conduct.  There nothing in either his First Amended Complaint or in his response to the order to show cause suggesting the delay in filing this case was reasonable.  His prior case, Mwasi I, was dismissed on March 29, 2018.  Id., ECF No. 97.  In his response to the order to show cause Plaintiff does allege that he did not feel safe to file this case until August of 2019 (ECF No. 30, p. 8), but without sufficient facts or explanation.  Moreover, even if Plaintiff had sufficiently alleged that he was unable to file the case until August of 2019, Plaintiff did not file this case in August of 2019.  Instead, he waited until May of 2020 to file a complaint that included no factual allegations, and he provides no explanation for this delay or why his original complaint included no factual allegations.  Again, Plaintiff had already litigated this same case in the years before.

Accordingly, the Court will recommend that his federal claims be dismissed.

While Plaintiff does ask for leave to amend to address the issue, as discussed below, the Court finds that leave to amend should be denied.

### VII.    LEAVE TO AMEND

#### a.    Legal Standards

Courts "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "[T]his policy is to be applied with extreme liberality."  Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990); see also Waldrip v. Hall, 548 F.3d 729,

732 (9th Cir. 2008).  "However, liberality in granting leave to amend is subject to several limitations.  Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay."  Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (citations and internal quotation marks omitted); see also Waldrip, 548 F.3d at 732.  "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight."  Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam).  "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."  Id.

        b.  Analysis

Plaintiff asks for leave to amend because he "neglected" to update his complaint.  However, Plaintiff's allegations regarding what he would include in an amended complaint are conclusory.  Plaintiff sues over thirty defendants, and he complains about incidents that occurred over a period of years.  While Plaintiff uses relevant legal words such as "continuing violations" and "tolling," Plaintiff does not provide any allegations suggesting that either of these doctrines applies to any specific claim against he is bringing against any specific defendant.  And while Plaintiff alleges he will provide the relevant allegations in the amended complaint itself, this case has been pending since May 6, 2020, and Plaintiff already amended his complaint once.  Additionally, when Plaintiff filed his original complaint and his amended complaint in this case, Plaintiff had the benefit of the screening orders in his prior case, which provided relevant legal standards, including standards related to the statute of limitations.  Mwasi I, ECF Nos. 17, 26, 32, & 60.  Moreover, the Court gave Plaintiff another opportunity to provide the relevant allegations by issuing the order to show cause, Plaintiff had approximately ninety days to draft his response, and Plaintiff's conclusory response does not sufficiently show that the continuing violations doctrine or a tolling doctrine would apply to any specific claim against any specific defendant.

Moreover, when granting Plaintiff's motion for an extension of time to respond to the order to show cause, the Court informed Plaintiff that it would not grant him any additional time to respond regarding this issue.  (ECF No. 29, pgs. 1-2) ("The Court finds good cause to

grant an extension of time.  However, the Court will not grant Plaintiff any further extensions. This case was initially filed in May of 2020, and it is already over two years old.  Moreover, while Plaintiff alleges that he needs to do legal research, the Court already provided Plaintiff with relevant legal standards in this case.  (ECF No. 25).  Additionally, as discussed in the Court's order to show cause, Plaintiff filed an identical complaint on December 28, 2015. Mwasi v. Corcoran State Prison, E.D. CA, Case No. 1:13-cv-00695, ECF No. 59.  In Plaintiff's previous case his complaints were screened, and he was repeatedly provided with relevant legal standards, including standards related to the statute of limitations.  Id. at ECF Nos. 17, 32, 60.").

As the Court already gave Plaintiff an opportunity to sufficiently allege that his claims are not barred by the statute of limitations, and as Plaintiff failed to do so, the Court finds that granting Plaintiff further leave to amend would be futile.

In addition to futility, the Court finds that there has been undue delay and that there are indicia of bad faith.  Plaintiff filed the complaint commencing this action on May 6, 2020. However, Plaintiff included no factual allegations in his complaint.  Because of this, Plaintiff's original complaint was dismissed.  (ECF No. 17, pgs. 2-3).

As to his First Amended Complaint, Plaintiff alleges that he "neglected" to update it and that he "made errors trying to quickly piece [it] together."  (ECF No. 30, p. 5).  However, Plaintiff's allegation that he had to "quickly piece together" his complaint is contradicted by the record.  Plaintiff's original complaint was dismissed on September 24, 2021 (ECF No. 17), and he did not file his First Amended Complaint until December 23, 2021 (ECF No. 21).  Thus, Plaintiff had approximately three months to draft his First Amended Complaint from the date his original complaint was dismissed, and over a year and a half from when he filed his original complaint that included no factual allegations.  Thus, he did not have to "quickly piece together" his First Amended Complaint.  More importantly, Plaintiff did not draft a new complaint at all.  Instead, he filed a complaint that was identical to the complaint he filed in his previous case on December 28, 2015.  (Compare ECF No. 21 with Mwasi I, ECF No. 59).

Finally, Plaintiff asks to amend so that he can include allegations regarding certain

"continuing violations." However, the last of the "continuing violations" that he wants to include ended in 2018, Plaintiff knew about the continuing violations at that time, and based on Plaintiff's response he knew that they were relevant to this case. However, he did not include these allegations in either his original or First Amended Complaint, nor has he sufficiently explained his failure to do so. Thus, the Court need not grant further leave to amend. De Saracho v. Custom Food Mach., Inc., 206 F.3d 874, 878 (9th Cir. 2000) ("Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied.") (citation and internal quotation marks omitted).

Additionally, as to Plaintiff's assertion that he can provide additional allegations regarding "continuing violations," the Court notes that it reviewed Plaintiff's First Amended Complaint, and Plaintiff does allege that that he was denied mental health treatment from 2012 "to present." (ECF No. 21, p. 12). Again, this is the same word he used in his earlier complaint in Mwasi I, which was filed on December 28, 2015. Further, Plaintiff does not include any factual allegations as to anything that occurred after December of 2015. Moreover, Plaintiff signed his First Amended Complaint on December 15, 2021 (id. at 24), but has been housed at San Quentin State Prison since at least May 6, 2020, which is the date he filed his original complaint (ECF No. 1, p. 1). As the defendants he complains about worked at Corcoran State Prison, and as Plaintiff has not been housed at Corcoran State Prison for years, it is not clear what Plaintiff means when he uses the words "to present" in his First Amended Complaint.

Plaintiff also alleges that certain defendants failed to correctly process his 602s from November 2013 "to present." (ECF No. 21, p. 19). Plaintiff alleges that some of these 602s involved ADA issues. (Id.). However, as to his ADA claim, Plaintiff does not include any factual allegations as to anything that occurred after July of 2014. (Id. at 18).

Plaintiff thus already had three opportunities to provide additional allegations regarding the continuing violations (in his First Amended Complaint, in his original complaint, and in his response to the order to show cause). However, he failed to do so.

Accordingly, the Court also finds that leave to amend should be denied due to undue delay and because there are some indicia of bad faith.[5]

### VIII. RECOMMENDATIONS

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Further leave to amend be denied;
2. Plaintiff's state law claims and his Americans with Disabilities Act claims, as well as his claims against defendants Nareddy, Yu, Nguyen, Jumao-as, Zuckerman, and Dr. Ulit, be dismissed as barred by the doctrine of *res judicata*;
3. Plaintiff's federal claims be dismissed as barred by the statute of limitations; and
4. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **September 6, 2022**        /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE

---

[5] The Court notes that it is only recommending that the claims in his First Amended Complaint be dismissed as barred by the statute of limitations.  Nothing in this order prevents Plaintiff from bringing claims based on incidents that occurred later.